Rita HENRY and Tommy
Henry, Jr., Plaintiffs,

v.

UNITED STATES of America and
Burns and Roe Services Cor-
poration, Defendants.

No. 02CIV.10328(SCR)(GAY).

United States District Court,
S.D. New York.

Nov. 5, 2004.

Robert J. Camera, Finkelstein, Levine, Gittelsohn & Tetenbaum, Newburgh, NY, for Plaintiffs.

Suzanne M. Halbardier, Barry, Mctiernan & Moore, New York, NY, for Defendants.

## MEMORANDUM ORDER ADOPTING REPORT & RECOMMENDATION

ROBINSON, District Judge.

This Order addresses a Report and Recommendation ("R & R") dated February 18, 2004, in which United States Magistrate Judge George A. Yanthis recommended that Defendant United States of America's (the "Government") motion to dismiss be denied.

In reviewing a Report and Recommendation, the Court reviews those portions to which a petitioner does not object for clear error and it reviews de novo those portions of the R & R to which a petitioner interposes an objection. Fed.R.Civ.P. § 72(b); 28 U.S.C. § 636(b)(1).

### I. Government's Objections to the Report and Recommendation

The Government does not object to the Magistrate Judge's determination that sovereign immunity bars any claim against the Government for injuries that Rita Henry ("Plainitff") allegedly sustained as a result of the negligence of Defendant Burns and Roe Services Corporation ("Burns and Roe"), the independent contractor, or that the discretionary function exception to the Federal Torts Claims Act ("FTCA") bars any claims that the Government was negligent in hiring and supervising Burns and Roe. R & R page 3. The Government objects, however, to the Magistrate Judge's conclusion that Plaintiff's allegation that the Government created and/or had notice of the hazardous condition and failed to take corrective action provides a sufficient basis to hold the Government liable under the FTCA.

### II. Analysis

The Government objects on the basis that sovereign immunity does bar Plaintiff's claim because the Magistrate Judge failed to consider evidence that the Government had delegated to Burns and Roe complete responsibility for identifying when and where to perform snow removal and ice alleviation, as well as the responsibility for performing that work. The Government is correct in that the Magistrate Judge failed to look outside the pleadings to determine if the Court has subject matter jurisdiction. In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court may refer to evidence outside the pleadings. See Kamen v. American Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir.1986); Makarova v. United States, 201 F.3d 110 (2d Cir.2000). A plaintiff bears the burden of showing by a preponderance of the evidence that subject matter jurisdiction exists. Lunney v. United States, 319 F.3d 550, 554 (2d Cir.2003). Therefore, the question before the Court is whether Plaintiff has met her burden.

Plaintiff has met the burden of showing by a preponderance of the evidence that

subject matter jurisdiction exists in the instant case. The Court looks outside of the pleadings to determine whether the Government's negligence contributed to or caused Plaintiff's alleged accident or whether the Government had delegated its duties of providing safe and maintained grounds to Burns and Roe. After a careful and extensive review of the evidence submitted, the Court finds that the Plaintiff has submitted sufficient evidence with regard to the Government's involvement in grounds maintenance to create subject matter jurisdiction over the direct negligence claim.

### III. Conclusion

The Court has thoroughly reviewed Judge Yanthis' Report & Recommendation and has determined that the final determination was correct. The Court accepts Defendant's objections to the analysis contained within the R & R, but the Court adopts the R & R's recommendation denying the motion to dismiss. Accordingly, the Defendant's motion to dismiss is denied, and Plaintiff's claim of direct or active negligence against the Government remains before this Court.

IT IS SO ORDERED.